AMURGIS, APPELLEE AND CROSS-APPELLANT, *v.* ELL ET AL., APPELLEES; NATIONWIDE LIFE INSURANCE CO., APPELLANT AND CROSS-APPELLEE.

*Earl K. Desmond* and *G. Rand Smith,* for appellee Amurgis.

*Crabbe, Brown, Jones, Potts & Schmidt, Kenneth E. Harris* and *David J. Richards,* for appellant Nationwide Ins. Co.

STRAUSBAUGH, J. Defendant-appellant, Nationwide Life Insurance Company ("Nationwide"), brings this appeal from a judgment of the Franklin County Court of Common Pleas setting aside a jury verdict rendered in its favor and ordering judgment for plaintiff-appellee, or, in the alternative, should such relief be overturned, granting plaintiff a new trial.

Plaintiff, Harriet Amurgis, filed suit against defendants, Nationwide and Dale Ell, seeking a declaratory judgment establishing the rights, duties and liabilities of the parties in regard to a health insurance contract issued to her as an individual by Nationwide through one of its agents, Dale Ell, and compensatory and punitive damages for the wrongful rescission of said insurance policy, the withholding of benefits due under the policy and intentional misrepresentations made in regard to plaintiff's coverage. The suit was tried before

a jury on November 9, 1982 and, at the close of all the evidence, defendants moved for a directed verdict as to both Nationwide and Dale Ell. The trial court granted the motion as to Ell and dismissed the claims concerning punitive damages and fraud brought against Nationwide. The case was then submitted to the jury for deliberations, along with fifteen special interrogatories, and, on November 16, 1982, the jury rendered a general verdict in favor of the defendant.

On December 10, 1982, plaintiff filed a motion to set aside the verdict and enter judgment in her favor for the amount stipulated by the parties as due under the insurance policy ($13,602.97). Plaintiff argued that the answers given to the interrogatories were inconsistent with the jury's general verdict and that the judgment was contrary to law. In addition, plaintiff asked that should the court refuse to enter judgment in her favor for the reasons cited above, the court should grant plaintiff a new trial pursuant to Civ. R. 49(B), 50 and/or 59. On February 1, 1983, the trial court granted plaintiff's motion and entered judgment in favor of the plaintiff in the amount of $13,602.97, and, in the alternative, should the judgment be set aside, the trial court ordered that a new trial be granted to plaintiff. In its appeal, defendant Nationwide raises the following two assignments of error:

"1. The trial court's decision to overturn the jury verdict was erroneously based upon a faulty interpretation of R.C. § 3923.04.

"2. The trial court's alternative ruling granting a new trial was erroneous under Civil Rules 49 and 59, O.R.C.P. in that no grounds existed to award a new trial."

In June 1979, plaintiff applied for a health insurance policy with Nationwide. At trial, plaintiff testified that Dale Ell, acting as an authorized agent for Nationwide, helped her fill out an application for insurance. One of the questions appearing on the application specifically asked, in part:

"1. Have you (or any of your dependents) been hospitalized, consulted with or been treated by a physician for any of the following (check yes or no): "Heart or Blood Disorders - No"

A negative response appeared on plaintiff's application. The application was subsequently approved and, on July 1, 1979, defendant issued a policy of health insurance to plaintiff.

On July 7, 1979, plaintiff was admitted to Riverside Methodist Hospital suffering from acute chest pains. Plaintiff was then referred to Dr. Nicholas Kouchoukos at the University of Alabama in Birmingham, Alabama, for surgery. During the surgery, an aortic aneurysm was removed from plaintiff and a dacron graft was used to replace the lost section. In addition, Dr. Kouchoukos replaced the aortic valve of the heart with a metal valve.

Plaintiff submitted her claim for medical expenses to defendant in October 1979 and, in November 1979, after an investigation, defendant rejected the claim and rescinded plaintiff's policy. During the investigation, it was discovered that plaintiff had previously been treated for a heart disorder and had undergone surgery at the age of ten for a narrowing of the aortic artery. The cause of the disorder was linked to a congenital malformation. Evidence also showed that plaintiff had regularly consulted a cardiologist in regard to her condition and that, from September 1977 to August 1978, she had visited her cardiologist on at least seven occasions. Plaintiff alleged at trial that Ell had filled out the application for her and that she had informed him of her heart condition. However, Ell chose not to indicate her condition on the application. Ell denied that Amurgis had told him that she suffered from any heart disorder.

The health insurance policy issued to plaintiff specifically provides, in part:

"(b) No claim for loss incurred with respect to any person one year from the date such person becomes covered under this policy shall be reduced or denied on the ground that a disease or physical condition of such person not excluded from coverage by name or specific description effective on the date of loss had existed prior to the effective date of coverage of such person.

"* * *

"Limitations

"Eligible Charges do not include any charges for which benefits are excluded under numbers (1) through (7) and (9) of the 'Risks Not Assumed Under the Policy' provision of the Policy, nor any of the following charges:

"* * *

"(5) charges incurred due to any congenital or hereditary condition of any Insured Person, except a dependent child whose insurance hereunder commences immediately at birth;"

In its first assignment of error, defendant contends that the trial court erred in its interpretation of R.C. 3923.04(B)(2) when it determined that the answers given to the interrogatories were in conflict with the jury's general verdict. R.C. 3923.04(B)(2) requires every sickness and accident policy of insurance in this state to contain, *inter alia*, the following language:

"No claim for loss incurred or disability (as defined in this policy) commencing after two years from the date of issue of this policy shall be reduced or denied on the ground that a disease or physical condition not excluded from coverage by name or specific description effective on the date of loss had existed prior to the effective date of coverage of this policy.

"No chronic disease or chronic physical condition may be excluded from the coverage of a policy of sickness insurance or from the sickness insurance coverage of a policy of sickness and accident insurance except by name or specific description."

Defendant's health insurance policy as set forth above contains the language of the first paragraph of R.C. 3923.04(B)(2), with the exception of the time period in which a claim may be denied being reduced to one year.

In response to questions 10(a) and 10(b) of the special interrogatories, the jury specifically found that plaintiff suffered from a chronic physical condition and that the Nationwide insurance policy issued to plaintiff did not specifically exclude plaintiff's condition either by name or by description. The trial court determined that since the second paragraph of R.C. 3923.04(B)(2) states that no chronic physical condition can be excluded from the coverage of a health insurance policy except by name or specific description, the jury's general verdict was totally irreconcilable with the answers given to the special interrogatories. Thus, in light of the trial court's interpretation of R.C. 3923.04, the jury's special findings would seem to indicate that plaintiff was, indeed, entitled to coverage under the insurance policy and should have been granted a verdict in her favor.

Defendant argues that the case at bar is controlled by the first paragraph of R.C. 3923.04(B)(2) and that since the special interrogatories demonstrated that the jury specifically found that plaintiff's condition existed prior to the effective date of the policy, Nationwide was not prohibited from denying her claim.

The central issue raised by defendant's first assignment of error deals with whether or not an insurer is prohibited by R.C. 3923.04(B)(2) from denying a claim under a health insurance policy on the ground that the condition which gave rise to the claim existed prior to the effective date of the policy,

notwithstanding the fact that the condition was chronic. The first paragraph of R.C. 3923.04(B)(2) provides that a claim based upon a preexisting disease or physical condition not specifically excluded by name or description cannot be denied if the loss occurred more than two years from the date of issue of the policy. By implication, such a claim could be denied if it arose within the two-year period. As for the second paragraph of R.C. 3923.04(B)(2), a claim based upon a chronic disease or physical condition not specifically excluded by name or description from the policy may not be denied regardless of the date upon which the claim arose. Therefore, a claim based upon a chronic disease or physical condition may only be denied if the condition is specifically excluded from the insurance policy by name or description.

When read in sequence with the first paragraph, the language of the second paragraph of R.C. 3923.04(B)(2) could reasonably be construed to indicate that in any event a claim based upon a chronic disease or physical condition, which is not specifically excluded by name or description, may never be disallowed even though the chronic condition may have existed prior to the effective date of the policy. Accordingly, in light of the specific findings of the jury that plaintiff did suffer from a chronic physical condition, which was not specifically excluded from her health insurance policy by name or description, plaintiff would be entitled to a judgment notwithstanding the fact that her heart disorder existed prior to the effective date of her health insurance policy. Therefore, the trial court was correct in its interpretation and application of R.C. 3923.04(B)(2) and in ruling that the jury's general verdict was irreconcilable with the answers given to the special interrogatories. Defendant's first assignment of error is overruled.

In consideration of our ruling that the trial court did not err by setting aside the verdict rendered in favor of defendant and entering a judgment in favor of plaintiff, the trial court's alternative ruling granting plaintiff a new trial need not be discussed. Therefore, defendant's second assignment of error is also overruled.

In addition to its main two assignments of error, defendant raises five contingent assignments of error which read as follows:

"1. The court erred in allowing testimony concerning rescissions of other Nationwide policies.

"2. The court erred in allowing expert testimony that was improper.

"3. The court erroneously allowed the plaintiff to introduce selected portions of a treatise used in cross examination to be admitted into evidence.

"4. The court erred in submitting interrogatories to the jury.

"5. The court erred in instructing the jury."

The questions raised by defendant are conditioned upon a ruling from this court upholding the trial court's ruling granting a new trial. However, since the decision of the trial court to enter judgment in favor of the plaintiff notwithstanding the jury's verdict is herein affirmed, the alternative ruling of the trial court granting plaintiff a new trial is inapplicable and need not be considered. Defendant's five contingent assignments of error are, therefore, overruled.

On cross-appeal, plaintiff raises the following two assignments of error:

"1. The trial court erroneously granted a directed verdict as to defendant Dale Ell.

"2. The trial court erroneously granted a directed verdict as to punitive damages and fraud as these issues apply to Nationwide Life Insurance Company."

As noted in plaintiff's brief, her two cross-assignments of error are conditioned upon the granting of relief for defendant. Since the judgment of the

trial court is affirmed herein, plaintiff's two cross-assignments of error need not be discussed and are overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

NORRIS and MOYER, JJ., concur.