RANDALL v. ALAN L. RANKIN INSURANCE, INC., APPELLANT; CINCINNATI INSURANCE COMPANY, APPELLEE.

(No. CA-86-19—Decided April 15, 1987.)

*Kenneth M. Mortimer,* for George F. Randall.
*David L. Day* and *Dale D. Cook,* for appellant.
*Lane, Alton & Horst* and *Theodore M. Munsell,* for appellee.

WISE, J. Defendant-appellant, Alan L. Rankin Insurance, Inc. ("Rankin Insurance"), appeals from the judgment of the Court of Common

Pleas of Muskingum County which granted summary judgment to defendant-appellee, Cincinnati Insurance Company ("Cincinnati Insurance"). Appellant Rankin Insurance raises the following three assignments of error:

### Assignment of Error No. I

"The trial court erred in granting the motion for summary judgment as genuine issues of material fact existed regarding the actual authority of the agency to bind coverage."

### Assignment of Error No. II

"The trial court erred in sustaining the motion for summary judgment as any statements regarding coverage made by Mr. Young were within his apparent authority as a licensed agent for Cincinnati Insurance Company."

### Assignment of Error No. III

"The trial court erred in sustaining the motion for summary judgment as genuine issues of material fact existed regarding the negligence of Cincinnati Insurance Company."

Plaintiff, George F. Randall ("Randall"), in November 1984, sought insurance for certain property which he owned in Frazeysburg. Randall originally scheduled an appointment on November 16, 1984 to meet with an agent from Rankin Insurance, but did not meet with an agent until November 17. On that day, Brett Williamson, an agent with Rankin Insurance, met with Randall at the property in question. Williamson inspected the property and took some pictures. However, no statements were made at that time regarding coverage being extended. On January 10, 1985, Randall and his son, Jeff Randall, met with Williamson and Dean Young, another agent of Rankin Insurance. At that meeting, Young verbally bound coverage for this property in Frazeysburg. Young was a licensed general agent with Cincinnati Insurance, and he had binding authority.

At the meeting, Young took notes about certain information regarding the property Randall sought to have covered. Young informally filled out but did not type the application for the coverage subsequent to the January 10 meeting. The building on Randall's property was destroyed by fire on February 1, 1985. The application and binder were prepared that same day (after Young knew of the fire) and then sent to Cincinnati Insurance. The claim was denied by Cincinnati Insurance.

## I

Rankin Insurance in its first assignment of error contends that there was a conflict in the testimony and the inferences to be drawn from the testimony, and that, therefore, the trial court incorrectly granted the motion for summary judgment.

Before summary judgment may be granted, the trial court must determine:

(1) No genuine issue as to any material fact remains to be litigated;

(2) The moving party is entitled to judgment as a matter of law; and

(3) It appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327, 4 O.O. 3d 466, 472, 364 N.E. 2d 267, 274.

Rankin Insurance contends that there was a genuine issue of material fact existing in the case at bar regarding the actual authority of the agency to bind coverage.

Cincinnati Insurance denied coverage, in part, on the basis that the agent for Rankin Insurance, Young, did not have authority to bind the company for coverage on this property because prior coverage had been cancelled. The underwriting guide attached to the

summary judgment motion of Cincinnati Insurance states:

"Any risk previously declined or cancelled must be referred to home office before binding."

In plaintiff Randall's deposition, he stated that he told Young that the insurance on his property was being cancelled by another insurance company. Randall stated that he also had told Williamson about the cancellation. However, Young stated that he had not been told that the insurance on the property had been cancelled. Young claims that he never had any personal knowledge of any existing coverage prior to the loss. Williamson cannot recall whether or not Randall ever told him about any other insurance.

A definite and direct conflict appears in the testimony of Randall and Young and Williamson. The conflict in evidence here is material due to the fact that the testimony regarding the prior insurance cancellation goes to the issue of whether or not Rankin Insurance's employees had actual authority to bind Cincinnati Insurance. Thus, summary judgment is not appropriate because it involves the evaluation of the credibility of witnesses.

Therefore, we sustain appellant's first assignment of error.

## II

In its second assignment of error, Rankin Insurance alleges that it had apparent authority as a matter of law to issue the binder in the case at bar, regardless of whether the insured was aware of the name of the particular company providing the insurance. Finally, Rankin Insurance argues that genuine issues of fact exist as to whether Cincinnati Insurance was a partially disclosed principal.

R.C. 3905.01(C) provides in part that:

"An insurance company shall be bound by the acts of the person named in the license within his apparent authority as its agent. * * *"

It is undisputed in the case at bar that Young was a licensed general agent for the Cincinnati Insurance Company and that he had binding authority.

The apparent authority of an insurance agent is "such authority as the insurance company knowingly permits such agent to assume, * * * or such authority as a reasonably prudent man, using diligence and discretion, in view of the company's conduct, would naturally suppose the agent to possess * * *" (footnote omitted). 3 Couch on Insurance 2d (1984 Rev. Ed.) 618, 619, Section 26:62. "* * * The power of an agent to bind the insurer is coextensive with his apparent authority. * * * [I]n the absence of any knowledge by the insured of any limitation on the agent's authority, the insurer's agent has such power as the insurer has held him out to possess * * *." (Footnotes omitted.) 3 Couch, *supra,* at 619-620. This is true regardless of whether he violates limitations upon his authority, as long as it is not known to the insured that he has exceeded his authority. 3 Couch, *supra,* at 620-622; and 22A Appleman, Insurance Law and Practice (Rev. 1979) 262, Section 14447.35. "The doctrine by which an insurer is held [liable] for the acts of an agent within the apparent scope of his authority is based on estoppel * * *. To raise such estoppel it is necessary that the insured * * * acted justifiably and in good faith * * *." (Footnotes omitted.) 3 Couch, *supra,* Section 26:63, at 624-625. The doctrine of estoppel applies even where the insured is not aware of the name of the particular insurance company, such as where the selection of the particular insurance company is left to the discretion of the agent. 12A Appleman, Insurance Law and Practice (1981) 168, 173, Section 7230; and, see, *Machine Co.* v. *Insurance Co.* (1893), 50 Ohio St. 549, 35 N.E. 1060.

In its brief, Cincinnati Insurance cites the case of *Cascioli* v. *Central Mut. Ins. Co.* (1983), 4 Ohio St. 3d 179, 4 OBR 457, 448 N.E. 2d 126, as support for the theory that there can be no apparent authority of an agent where the principal and third party have had no prior course of contact or dealing with one another upon which the third party relied, and where the third party was unaware of the identity of the principal. The Supreme Court in *Cascioli* held that the finding of apparent authority is predicated on the existence of a contract. The court found that there was no valid binder in effect in that case. The evidence in *Cascioli* indicated that the agency never sought to bind the insurance company and thus apparent authority was never invoked. The Supreme Court in *Cascioli* did not reach the issue in the case at bar. The Supreme Court stated:

"* * * Indeed, based on this record, anything this court might say with respect to the scope of an insurance agent's apparent authority would be largely advisory, and '* * * it is well-settled that this court does not indulge itself in advisory opinions.'* * *'" *Cascioli, supra,* at 183, 4 OBR at 460, 448 N.E. 2d at 129, citing *Armco, Inc.* v. *Pub. Util. Comm.* (1982), 69 Ohio St. 2d 401, 406, 23 O.O. 3d 361, 365, 433 N.E. 2d 923, 926.

In the case at bar, the scope of Rankin Insurance's apparent authority is at issue because a binder had been executed by Rankin Insurance. Agent Young states in his deposition that he told plaintiff Randall that he was covered. If Rankin Insurance had apparent authority to issue the binder, then Cincinnati Insurance is bound. R.C. 3905.01(C).

Thus, the question arises, did Rankin Insurance have apparent authority to bind Cincinnati Insurance to provide coverage on Randall's property? Sufficient evidence of apparent authority must be demonstrated. Indicia of authority would include, but not be limited to: (1) a Cincinnati Insurance sign indicating general agency; (2) Cincinnati Insurance stationery; (3) a document containing the signature of a Rankin Insurance employee as agent for Cincinnati Insurance; (4) Cincinnati Insurance coverage issued to Randall; (5) acceptance of premiums on behalf of Cincinnati Insurance; and (6) printed application forms bearing Cincinnati Insurance's name.

Accordingly, summary judgment is not appropriate in favor of Cincinnati Insurance at this time.

Therefore, we sustain appellant's second assignment of error.

### III

Rankin Insurance argues in its third assignment of error that the trial court erred in dismissing its cross-claim against Cincinnati Insurance in that genuine issues of fact existed regarding the negligence of Cincinnati Insurance in failing to follow its customary practices.

We sustain appellant's third assignment of error to the extent that the cross-claim for indemnification and contribution obviously must survive due to our rulings on the other two assignments of error. While we agree that a principal owes duties to its agents, Rankin Insurance has not made a *prima facie* showing that any injury has occurred above and beyond any injury alleged by the plaintiff. Thus, we overrule Rankin Insurance's third assignment of error to the extent it is directed to any alleged injury above and beyond plaintiff Randall's claims.

Accordingly, having sustained appellant's assignments of error, we reverse the decision of the Court of Common Pleas of Muskingum County and remand this cause for further proceedings in accordance with law.

Judgment Entry

For the reasons stated in the memorandum opinion on file, the judgment of the Court of Common Pleas of Muskingum County is reversed and this cause is remanded to that court for further proceedings according to law, and, consistent with the mandate of *North* v. *Pennsylvania RR. Co.* (1967), 9 Ohio St. 2d 169, 38 O.O. 2d 410, 224 N.E. 2d 757, paragraph three of the syllabus, we state that a genuine issue exists as to the following material facts:

(1) Did Alan L. Rankin Insurance, Inc. have knowledge of any prior cancellations or declinations of coverage on plaintiff Randall's property?

(2) Did Alan L. Rankin Insurance, Inc. have apparent authority to bind coverage for Cincinnati Insurance Co. on plaintiff Randall's property?

*Judgment reversed and cause remanded.*

MILLIGAN, P.J., and HOFFMAN, J., concur.