### Smith v.
### Ohio State Grange Mutual
### Ins. Co.
*[Cite as 7 AOA 537]*

*Case No. CA90-02-043
Butler County, (12th)
Decided October 15, 1990*

*Jack Cornett, 1100 Eaton Avenue, Hamilton, Ohio 45013, for Appellee, Victoria A. Smith.*

*Glenn Allen White and John T. Wallace, Morrow, Gordon & Byrd, 33 W. Main Street, P. O. Box 4190, Newark, Ohio 43055-8190, for Appellant, Ohio State Grange Mutual Insurance Company.*

*Per Curiam.*
This cause came on to be heard upon an appeal, transcript of the docket, journal entries and original papers from the Butler County

Court of Common Pleas, transcript of proceedings, and the briefs of counsel, oral argument having been waived.

Now, therefore, the assignments of error having been fully considered are passed upon in conformity with App. R. 12(A) as follows:

Defendant-appellant, Ohio State Grange Mutual Insurance Company ("Grange"), appeals a judgment granted to plaintiff-appellee, Victoria A. Smith, in Smith's action to recover on a homeowner's policy for a fire loss to her property.

Smith owns an equitable interest in a two-family duplex located at 1018-1020 Edison Avenue in Hamilton, Ohio, which she acquired from her brother, Dennis Helton, in 1979 under a land contract. Smith took up residence in one of the two units and obtained a homeowner's policy from Grange, a Newark, Ohio, based company. Smith acquired the policy through Grange's Hamilton agent, Logsdon Real Estate and Insurance Company ("Logsdon"). The policy listed Home Federal Savings and Loan, also of Hamilton, as the holder of a first mortgage on the property.

In 1982, Smith moved her residence to 651 Symmes Avenue, also in Hamilton, Ohio. Smith informed Logsdon of the move whereupon Logsdon added the Symmes Avenue property to the Edison Avenue policy in exchange for which Smith paid an additional premium. During the time Smith was away from Edison Avenue, her brother Dennis Helton collected rents from the tenants and paid the property's expenses. After approximately six years, Smith returned to Edison Avenue and then moved to Florida, where she lived for approximately eight or nine months. On June 22, 1988, while Smith was living in Florida, the Edison Avenue property was destroyed by fire caused by one of the tenants. Home Federal Savings and Loan filed a proof of loss which Grange paid under the policy provisions. It is undisputed that Smith never filed a proof of loss to substantiate her losses. Smith did, however, inform Logsdon of her claim. Logsdon, in turn, relayed Smith's information to Grange's Cincinnati, Ohio, adjuster. The adjuster conducted an investigation which led Grange to deny coverage and refuse payment to Smith.

Smith subsequently filed a complaint for declaratory judgment which came on for hearing before the trial court without benefit of a jury. Upon considering the evidence and memoranda of law, the trial court granted judgment to Smith which Grange now appeals, presenting the following assignments of error for review:

"Assignment of Error No. 1.
"THE COURT BELOW ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN FINDING THAT DEFENDANT'S AGENT HAD AUTHORITY TO WAIVE."

"Assignment of Error No. 2.
"THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN FAILING TO GRANT JUDGMENT TO DEFENDANT-APPELLANT."

The issue to be decided under the first assignment of error is whether the trial court erroneously found that Grange's agent had the authority to waive Smith's duty to file a proof of loss.

In the event of a loss to covered property, the policy's conditions section requires, among other things, that the insured give prompt notice to Grange or its agent and that the insured send to Grange, within sixty days following a request from Grange, a signed, sworn proof of loss setting forth specific information regarding the nature and degree of the loss.

The trial court found that there was no evidence that either Grange or Logsdon requested Smith to file a proof of loss, which the trial court interpreted as a waiver of the proof of loss requirement. Furthermore, the court concluded that Grange's adjuster received information concerning Smith's loss from Logsdon which the adjuster then used in conducting an investigation.

According to Grange, there was no evidence that Logsdon had actual, implied or apparent authority to waive Smith's duty to file a proof of loss.

Regardless of whether Logsdon's actions are to be construed as a waiver of the proof of loss requirement under its principal agent relationship with Grange, Logsdon's actions clearly resulted in Grange receiving notice of Smith's claimed loss which prompted Grange's investigation and subsequent rejection of Smith's claim.

In addition, Ohio law provides that an insurance company may be found to have waived the failure to file a notice of proof of loss if the company rejects the insured's claims upon grounds other than the failure to furnish a proof of loss or otherwise undertakes an investigation of the noticed loss. See *Globe Ins.*

*Co. v. Boyle* (1871), 21 Ohio St. 119, 131; *Doty v. Ohio Natl. Life Ins. Co.* (1937), 58 Ohio App. 1, 12.

The record reveals that Grange rejected Smith's claim for reasons wholly unrelated to her failure to file a proof of loss, *i.e.*, Smith's failure to occupy the insured premises as her residence at the time the loss occurred. The rejection on these grounds is sufficient to waive the required proof of loss and the court did not err in refusing to deny coverage for Smith's failure to file a proof of loss. Accordingly, the first assignment of error is overruled.

In its second assignment of error, Grange contends that the court failed to grant judgment in its favor since, at the time of the fire, Smith had violated the policy's provisions requiring her to occupy the insured premises as her residence.

The policy provides that only the dwelling described as the "residence premises" shown in the declarations was insured. The term "residence premises" was defined to include either a one-family or two-family dwelling in which the insured, *i.e.*, Smith, was a resident.

Upon moving to Symmes Avenue, Smith informed Logsdon that she was no longer residing at the Edison Avenue property. Thus, the change of residence was communicated to Grange's agent. Logsdon maintained the policy on the Edison Avenue property and simply added a personal liability policy for the Symmes Avenue property for which Smith paid an additional premium. The court found, and we agree, that Logsdon was Grange's apparent agent since Logsdon acted with "such authority as the insurance company knowingly permits such agent to assume *** or such authority as a reasonably prudent man, using diligence and discretion, in view of the company's conduct, would naturally suppose the agent to possess." *Randall v. Alan L. Rankin Ins., Inc.* (1987), 38 Ohio App. 3d 87, 89, citing Couch on Insurance 2d (1984 Rev. Ed.) 618, 619, Section 26:62.

Furthermore, as the Ohio Supreme Court observed in *English v. Natl. Cas. Co.* (1941), 138 Ohio St. 166, 171:

"*** an insurer, which, with knowledge of the facts which would entitle it to treat the policy as no longer in force, receives and accepts a premium on a policy, is estopped to take advantage of the forfeiture. The insurer cannot treat the policy as void for the purpose of defense to an action to recover for a loss thereafter accruing, and at the same time treat it as valid for the purpose of earning and collecting further premiums."

Logsdon had knowledge of facts which would entitle Grange to treat the policy as no longer in force. Despite this knowledge, Logsdon continued to accept premiums on the policy. Logsdon's knowledge, as well as its conduct of accepting continued premium payments, are imputed to Grange and Grange is estopped from treating the policy as void.

For these reasons, the second assignment of error is hereby overruled.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Butler County Court of Common Pleas, for execution upon this judgment.

Costs to be taxed in compliance with App. R. 24.

And the court being of the opinion that there were reasonable grounds for this appeal, allows no penalty.

It is further ordered that a certified copy of this Memorandum Decision and Judgment Entry shall constitute the mandate pursuant to App. R. 27.

To all of which the appellant, by its counsel, excepts.

JONES, P.J., HENDRICKSON and YOUNG, J.J., concur.