**Damon's Missouri, Inc. v. Davis**
*[Cite as 8 AOA 481]*

*Case No. 90AP-222*
*Franklin County, (10th)*
*Decided December 20, 1990*

*Steven B. Ayers and Robert C. Buchbinder,*
*Crabbe, Brown, Jones, Potts & Schmidt, for*
*Appellee Damon's Missouri, Inc.*

*Rick E. Marsh and Bridgett C. Roman, Schot-*
*tenstein, Zox & Dunn, for Appellants.*

REILLY, P.J.

This is an appeal from a judgment of the Franklin County Court of Common Pleas, finding in favor of defendant-appellee Fireman's Fund Insurance Companies, Inc. ("appellee"). Defendants-appellants, William J.F. Davis and Affiliated Risk Managers Agency, Inc. ("appellants"), appeal to this court asserting the following assignments of error:

"I. The trial court erred as a matter of law in failing to find that William J.F. Davis and Affiliated Risk Managers, Inc. where the agents of Fireman's Fund Insurance Co. when Mr. Davis neglected to obtain fire insurance coverage on the building occupied by Damon's Missouri, Inc.

"A. The trial court erred as a matter of law in finding that R.C. 3929.27 did not apply to make Mr. Davis and Affiliated Risk the agents of Fireman's Fund Insurance Co. with respect to their dealings with Damon's.

"(1) The trial court erred as a matter of law in concluding that no 'application' within the meaning of R.C. 3929.27 had been made.

"B. The trial court erred as a matter of law in failing to find that Mr. Davis was the agent of Fireman's Fund Insurance under common-law principles.

"C. As the agent of Fireman's Fund, the trial court erred as a matter of law by imposing the full extent of the loss incurred by the insured upon Mr. Davis and Affiliated Risk Managers.

"II. The trial court erred as a matter of law in finding that Mr. Davis had not bound Fireman's Fund Insurance to coverage of the building occupied by Damon's Missouri."

The parties have stipulated to many of the pertinent facts. This action was originally commenced by Damon's Missouri, Inc., against appellants and appellee to recover insurance proceeds allegedly owed due to a fire loss sustained to Damon's restaurant building in Flourrissant, Missouri. Appellants settled with Damon's and paid the loss. This case involves the issue of liability between the insurance company and the independent insurance agent.

The cause was tried before a referee who found for appellee. Appellants filed objections to the referee's report, but the court overruled them.

This action arises from the actions of appellant Davis, an independent insurance agent who attempted to procure fire coverage for Damon's. Appellant Davis, the president or principal of Affiliated Risk, had procured insurance coverage for Damon's in the past. On this occasion, Damon's president, Gene Simonetti, approached Davis to discuss Damon's insurance needs for its Missouri restaurant. Simonetti asked Davis to obtain the necessary insurance required by a lease on the Missouri property. Simonetti gave Davis the lease to read. Davis concluded that Damon's needed fire insurance for the Missouri location, but he misread what actually needed to be covered. Specifically, the lease required insurance on "improvements," which expressly included the building on the premises. Davis had placed insurance coverage on several occasions for Damon's and he typically read leases for Simonetti. Simonetti relied on Davis to do this and apparently compensated him for it.

Davis failed to procure building coverage, but instead obtained fire coverage from appellee for tenant's improvements, which the parties agree means fixtures. Davis attempted to place this coverage with other insurers as well.

At the time of the fire, appellee underwrote workers' compensation coverage and liquor liability coverage for Damon's. Further, Davis placed other coverages with other carriers. For instance, he placed some workers' compensation coverage with Damon's previous fire insurance carrier, Commercial Union Insurance Company. Moreover, he placed business interruption and contents coverage with another insurance carrier.

At the time of the transaction in question, Davis had an agency agreement with appellee, which paid a profit-share percentage commission on the sale of insurance. Davis has several like contractual arrangements with other insurance companies. Davis did not forward the lease to appellee with the application for fire coverage. The parties do not dispute, however, that, if Davis had requested coverage for the building, appellee would have provided it. Prior to the fire, Davis had not supplied Simonetti with any of the insurance polices obtained for Damon's.

The agency agreement between appellee and appellant Affiliated Risk provides that Affiliated Risk has authority to offer, accept, receive, and bind proposals for insurance on behalf of appellee. Appellee conceded at oral argument that Affiliated Risk is a general agent pursuant to this agreement.

Considering these facts, the referee concluded that the insurance agency was the agent of the insured and not the insurer with respect to the claimed negligent omission of building coverage. The referee rejected the agent's argument that R.C. 3929.27 rendered him an agent of the insurer for purposes of this transaction. The referee concluded that for this statute to apply, a written application for the specific risk had to have been sent to the insurer, which was not the situation herein. Similarly, the referee rejected the argument that common law agency principles rendered the independent agent an agent of the insurer.

The referee also found that the acts of the agent in interpreting the lease were part of his pre-application duties as an agent for the insured. The referee found that no proposal for fire coverage on the building was ever made pursuant to the agency agreement with appellee. Hence, the agent's representations of coverage did not bind the insurer. In sum, the referee determined that the agency relationship with appellee never ripened in this instance. Finally, the referee found that, even if the agent were the agent of the insurer, the insurer, as principal, could recover against the independent agent based on principles of indemnity.

In the first and second assignments of error, appellants contend that the trial court erred in failing to find that the insurance agent was the agent of the insurer and that the agent bound the insurer in this case.

Appellants also argue that the court erred in imposing the full extent of the loss on the agent. The assignments of error are interrelated and will be considered together.

R.C. 3929.27 provides:

"A person who solicits insurance and procures the application therefor shall be considered as the agent of the party, company, or association thereafter issuing a policy upon such application or a renewal thereof, despite any contrary provisions in the application or policy."

This provision codifies the common law rule in Ohio that an agent who solicits and procures an application of insurance is the agent of the resulting insurance company. *Saunders v. Allstate Ins.* (1958), 168 Ohio St. 55, 59-60. Cf., R.C. 3911.22. This provision, enacted in similar form in many states, was designed to protect the insured, who often relies heavily on the agent.

The referee erred by not applying this statute and in failing to recognize that the insurance agent was the agent of the insurer. Davis solicited an application for fire coverage and procured coverage upon the application. The referee failed to recognize that an application for insurance may be oral. That the written application filled out by Davis lacked the specific coverage in issue is not dispositive. Simonetti intended to obtain coverage required by the lease and Davis took it upon himself to read the lease and to procure the needed coverage. In doing so, he was acting as an agent for insurer, who ultimately underwrote the coverage applied for, absent the coverage on the building.

Moreover, that appellants are characterized as independent agents does not change the result. *Nellas v. Manufacturer's Cas.* (1953), 96 Ohio App. 196; *Jacobs & Sons, Inc. v. Aries Insurance Agency, Inc.* (Nov. 5, 1987), Franklin App. No. 87AP-583, unreported (1987 Opinions 2668). This construction of the statute would not result in some type of prohibited form of dual agency.

The next question is whether the agent was acting within the scope of his actual, implied, or apparent authority, as conferred upon the agent by the insurer. *Stuart v. Natl. Indemn. Co.* (1982), 7 Ohio App. 3d 63.

Agents for fire insurance companies have broad authority. *John Hancock Mutual Life Ins. Co. v. Luzio* (1937), 123 Ohio St. 616. In this case, the insurance agency had an ex-

press agency agreement with appellee authorizing the agent to bind the company. Manifestly, the insured was reasonably relying on the expert judgment of the agent in this case. The agent's services in this regard are one reason that insureds seek insurance through such agents. In this case, the agent was acting within the scope of his authority when he negligently read the lease and represented that coverage would be placed as required by the lease. The principal cannot take the benefits of his agent's actions and then avoid their burdens. *Saunders, supra,* at 50. Instead, the principal is estopped from doing so. *Randall v. Alan Rankin Ins.* (1987), 38 Ohio App. 3d 87. See, also, 4 *Couch on Insurance* 2d (1984) 19, Section 26A:5.

Appellants' contention that the trial court erred in finding that Davis had not bound appellee to coverage of the building is well taken. Appellants argued in the trial court that Davis issued an oral binder to Damon's because he told Simonetti that he would place all coverage required under the terms of the lease, to be effective on March 3, 1985. Appellee does not dispute that oral communications between an authorized agent and an insured can bind the insurer to coverage. *Nellas v. Manufacturer's Cas. Ins. Co., supra; Clements v. Ohio State Life Ins. Co.* (1986), 33 Ohio App. 3d 80; *Humbolt Fire Ins. Co. v. R.K. LeBlond Machine Tool Co.* (1917), 96 Ohio St. 442.

We find that there was a definite, oral binder of insurance. When Davis told Simonetti that Damon's was covered on a certain date, and coverage was actually placed with an insurer, the contract of insurance was formed. Thus, the insurer was bound by its agent's representation, though it was predicated on an erroneous reading of the lease.

Having determined that the acts of the agent were chargeable to insurer, the next issue raised is the amount of damages that insurer can recover from its agent on account of the negligent omission.

An agent is subject to liability for loss caused to the principal by a breach of a duty committed by the agent. *Miles v. Perpetual S&L* (1979), 58 Ohio St. 2d 93, 95; *Stuart v. Natl. Indemn. Co., supra,* at 69; 2 Restatement of the Law 2d, Agency (1958) 237, Section 401.

The measure of damages for breach of an agent's duty is that amount of foreseeable damage caused by the breach. The law seeks to place the injured party in the same position had the breach not occurred. Herein, the insurer would have underwritten coverage on the building if the agent properly requested it. Hence, the loss to the insurer on the facts is the difference between the premium as it actually existed and that which should have existed, less any amounts paid by Damon's.

Appellants' assignments of error are sustained. The judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion and in accordance with law.

*Judgment reversed and cause remanded.*

WHITESIDE and BROWN, J.J., concur.

BROWN, J., of the Wayne County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.