FISHER, APPELLANT, *v.* GOLDEN RULE INSURANCE COMPANY, APPELLEE.

[Cite as Fisher *v.* Golden Rule Ins. Co. (1991), 60 Ohio St. 3d 148.]

(Nos. 89-1323 and 89-1324—Submitted September 26, 1990—
Decided June 12, 1991.)

*Brimley, Kostyo & Elliott* and *Howard A. Elliott,* for appellant.

*Price & Shula, Henry J. Price, Jerry Garau, Friedman, Adler, Goldberg, Gottlieb, Korn & Osnowitz* and *Arnold N. Gottlieb,* for appellee.

O'NEILL, J. R.C. 3923.04(B)(2) requires every policy of sickness and accident insurance to include the following provision:

"(2) No claim for loss incurred or disability (as defined in this policy) commencing after two years from the date of issue of this policy shall be reduced or denied on the ground that a disease or physical condition not excluded from coverage by name or specific description effective on the date of loss had existed prior to the effective date of coverage of this policy."

The foregoing paragraph needs no interpretation. Very specifically, no claim arising after two years from the date of issuance of the policy could be reduced or denied on the ground that the disease or physical condition reported as the basis for such claim existed prior to the effective date of the policy unless that disease or physical condition had been specifically described and excluded from coverage on the effective date of the issuance of the policy.

There is a second paragraph to R.C. 3923.04(B)(2), which reads as follows:

"No chronic disease or chronic physical condition may be excluded from the coverage of a policy of sickness insurance or from the sickness insurance coverage of a policy of sickness and accident insurance except by name or specific description."

This second paragraph is directly related to the first paragraph. In other words, the phrase "chronic disease or chronic physical condition" does not meet the requirement of exclusion by name or specific description set forth in the first paragraph. Rather than simply designating "chronic disease or chronic physical condition," the exclusion must set forth the name of the chronic disease or chronic physical condition or contain a specific description of the chronic disease or chronic physical condition in order to qualify for the exclusion commencing after two years from the date of issuance of the policy.

Therefore, we hold that two years after a policy of sickness and accident insurance is issued, an exclusionary clause for preexisting conditions may be applied to exclude a preexisting condition which is also a chronic condition or disease, even though the chronic condition or disease is not named or specifically described.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

SWEENEY, Acting C.J., HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

JOSEPH O'NEILL, J., of the Seventh Appellate District, sitting for MOYER, C.J.