DeMATTEIS, Appellant,

v.

AMERICAN COMMUNITY MUTUAL INSURANCE COMPANY, Appellee.

[Cite as *DeMatteis v. Am. Community Mut. Ins. Co.* (1992), 84 Ohio App.3d 459.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1067.

Decided Dec. 31, 1992.

**460**

*Howard M. Hackman,* for appellant.

*Vorys, Sater, Seymour & Pease* and *David B. Petrel,* for appellee.

McCORMAC, Judge.

Plaintiff-appellant, Frank DeMatteis, appeals the judgment of the Franklin County Court of Common Pleas awarding summary judgment to defendant-appellee, American Community Mutual Insurance Company.

On June 15, 1989, appellant purchased a short-term (three-month) health insurance policy from appellee through its agent, Alex Reo. Appellant has been covered by appellee under similar short-term policies since 1988. The following paragraph of the application for the policy in question reads as follows:

"I have read this application and represent that the information shown on it is true and complete, to the best of my knowledge and belief. I understand and agree:

"1. The insurance, if issued, will become effective on the Policy Date, and that no benefits are payable for injury sustained before the Policy Date or sickness first manifested before the Policy Date.

" * * *

"4. The policy I am applying for is not a renewal or extension of any previous coverage and does NOT cover any condition for which benefits were paid under a previous policy."

The policy itself specifically excludes "pre-existing conditions," which is defined therein as "an illness, disease, accidental bodily damage or loss that first appears (makes itself known) before the Effective Date."

Appellant was hospitalized on July 2, 1989, due to an acute myocardial infarction ("MI"). Appellant had previously been hospitalized for acute MI in 1977 and in 1978. A catheterization was performed in 1978, shortly after the second MI. The catheterization (testing) indicated that appellant was not at significant risk for future MI relative to other members of the population with the same age, sex and risk factors. The testing further found that the heart function had not been diminished by either of the two MIs. Appellant suffers from the common chronic condition of atherosclerotic cardiovascular disease ("ASCVD"), which can result in a number of medical conditions through its effect on blood vessels. ASCVD causes the narrowing of the blood vessels and is very common among those over forty years of age. Appellant demanded payment from appellee for his hospitalization for the acute MI he suffered on July 2, 1989. Appellee refused, and appellant initiated suit in reliance on R.C. 3923.04(B) and this court's interpretation of that provision in *Amurgis v. Ell* (1984), 19 Ohio App.3d 169, 19 OBR 276, 482 N.E.2d 1263.

Appellee moved for summary judgment on the ground that appellant's claim is excluded, both because his illness is a chronic pre-existing condition and because benefits were paid under a previous policy. The court granted summary judgment, finding ASCVD to be the underlying pre-existing chronic disease. Appellant appeals, alleging the following four assignments of error:

"I. The trial court committed prejudicial error in determining that the defendant was entitled to summary judgment as a matter of law.

"II. The trial court committed prejudicial error by interpreting the ambiguous term 'pre-existing condition' in the insurance policy in favor of the defendant, who was the drafter.

"III. The trial court erred as a matter of law in allowing the defendant to argue that plaintiff was not covered by the insurance policy due to the holding in *Fisher v. Golden Rule Ins. Co.*, 62 Ohio St.3d 74 [578 N.E.2d 453] (1991), when this case cannot be applied retroactively.

"IV. The trial court erred in granting summary judgment to the defendant when the defendant acted with bad faith in an unfair and deceptive way in its representations to the plaintiff."

 In considering a motion for summary judgment, the evidence is to be construed most strongly in favor of the nonmoving party. Summary judgment may be granted only when no genuine issue of material fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which the party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus (*Celotex v. Catrett* [1986], 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, approved and followed).

Appellant alleges that the trial court based its grant of summary judgment on an improper interpretation of the insurance policy. Specifically, the trial court interpreted "pre-existing condition" in favor of appellee and not appellant, the insured.

 It is well settled that, "where the meaning of language used in a contract of insurance is doubtful, uncertain or ambiguous, the language will be construed strictly against the insurer and liberally in favor of the insured." *Blohm v. Cincinnati Ins. Co.* (1988), 39 Ohio St.3d 63, 66, 529 N.E.2d 433, 436. This is particularly true with exemptions and exclusions which are not expressed plainly and without ambiguity. *New Amsterdam Cas. Co. v. Johnson* (1914), 91 Ohio St. 155, 157–158, 110 N.E. 475, 475. It is, therefore, presumed that "that which is not clearly excluded from the contract is included." *Home Indemn. Co. v. Plymouth* (1945), 146 Ohio St. 96, 32 O.O. 30, 64 N.E.2d 248, paragraph two of the syllabus.

We had previously held that R.C. 3923.04(B)(2) requires that the existing condition be specifically named in the exclusion. "[A] claim against a policy of health insurance based upon a chronic disease or physical condition may not be denied if the condition is not specifically excluded from the insurance policy by name or description * * *." *Amurgis*, 19 Ohio App.3d at 169, 19 OBR at 276, 482 N.E.2d at 1263. Appellee relies on the Ohio Supreme Court's recent decision in *Fisher v. Golden Rule Ins. Co.* (1991), 60 Ohio St.3d 148, 573 N.E.2d 650,

modified *sua sponte* in 62 Ohio St.3d 74, 578 N.E.2d 453, which makes it unnecessary to specifically name or describe the pre-existing condition if the condition is chronic and the claim arises within two years of the effective date of the policy.

■ *Fisher*, however, is distinguishable from the facts at issue here. In *Fisher*, the insured had suffered and continued to suffer from bulimia, anorexia and depression. The insured was treated continually for a period of five years prior to the effective date. His pre-existing illnesses were the precise illnesses for which the insured sought treatment and reimbursement after the effective date of the policy. Appellant, on the other hand, sought reimbursement for treatment regarding his third acute MI. By definition, "acute" is not chronic. Webster's Ninth New Collegiate Dictionary (1987) 54.

The trial court, in finding ASCVD to be the pre-existing condition and underlying cause of the MI, construed the policy exclusion in favor of appellee. Although ASCVD is a chronic condition, the treatment was specifically for appellant's acute MI which is not "chronic" and always present, but of a severe and short duration. Appellant's previous MI occurred in 1978, more than ten years prior to the one at issue here. As evidenced from this length of time and his catheterization, appellant was at no significant risk for future MI.

Appellee's interpretation of the definition or requirement that the pre-existing condition "first appear" before the effective date focused on the ASCVD and not the acute MI. The policy exclusion was not construed strictly against the insurer and in favor of appellant. We find there were material questions of fact as to the meaning of "first appear." Given this ambiguity, any reasonable construction which results in coverage of the insured must be adopted by the trial court. *Lester v. State Farm Mut. Auto. Ins. Co.* (1989), 64 Ohio App.3d 52, 580 N.E.2d 793, paragraph two of the syllabus.

For the above reasons, the holding in *Amurgis* governs the facts at issue here and prohibits the exclusion. Appellee's definition of pre-existing condition is "an illness, disease, accidental bodily damage or loss that first appears (makes itself known) before the Effective Date." Although appellant's acute MI may arguably fit within this definition, appellee may not exclude it, since the acute MI was not chronic and, therefore, the holding in *Fisher* is not applicable.

■ To deny appellant coverage because of his underlying common chronic condition of ASCVD could lead to absurd and unconscionable results. The evidence revealed that ASCVD is common among all persons over forty years of age. Furthermore, ASCVD, through its effect on blood vessels, can result in numerous medical conditions in addition to the acute MI. To exclude appellant's claim stemming from his acute MI because of ASCVD could potentially result in

the exclusion of coverage for the entire population over forty years of age who subsequently and without warning suffer any of the medical problems related to the underlying chronic ASCVD, even though the condition is dormant. Although insurance companies may properly exclude known pre-existing conditions to protect themselves from known risks, the exclusion must be specific where the claim relates to a medical condition or complication which is not chronic *per se* or actively being treated.

Appellant's first and second assignments of error are sustained.

Appellant also alleges that the trial court's reliance on *Fisher* constituted an erroneous retroactive application of Ohio case law.

■ Common law established by judicial authority, which overrules prior decisions, operates both prospectively and retrospectively, except where contractual or other rights are vested under the prior decision. *Peerless Elec. Co. v. Bowers* (1955), 164 Ohio St. 209, 210, 57 O.O. 411, 411, 129 N.E.2d 467, 468.

For the reasons discussed previously, *Fisher* does not apply to the facts here. Consequently, this issue is moot.

Appellant's third assignment of error is overruled.

■ Appellant further alleges that summary judgment was improper because the insurance agent, Alex Reo, acted in an unfair and deceptive manner when he told appellant that the two previous MIs would not be a factor. Appellant alleges that appellee's agent violated R.C. 3901.20, which prohibits unfair and deceptive practices within the insurance business. However, the effect properly is that the acts or statements of the agent, whether deceptive or not, may be used to define the company's liability.

R.C. 3905.01(C) expressly provides:

"An insurance company shall be bound by the acts of the person named in the license within his apparent authority as its agent. * * *"

■ "Apparent authority" has been explained in *Randall v. Alan L. Rankin Ins., Inc.* (1987), 38 Ohio App.3d 87, 89, 526 N.E.2d 97, 99, as that authority which a " 'reasonably prudent man, using diligence and discretion, in view of the company's conduct, would naturally suppose the agent to possess * * *.' " Appellee presented no evidence suggesting that appellant was not entitled to rely on its agent's statement. Furthermore, the insurance application did not place any restrictions on the licensed agent's authority. We agree with *Randall* that, " 'in the absence of any knowledge by the insured of any limitation on the agent's authority, the insurer's agent has such power as the insurer has held him out to possess * * *.' " *Id.* at 89, 526 N.E.2d at 100. Furthermore, "[t]his is true regardless of whether he violates limitations upon his authority, as long as it is

not known to the insured that he has exceeded his authority." *Id.* Thus, appellant has asserted a material issue of fact which was not considered by the trial court. While appellee asserts that appellant failed to allege this issue at trial and is now precluded from so doing, Count I, paragraphs 8(C), (D) and (E) of the complaint, clearly asserts claims of this representation. Summary judgment as to this issue was, therefore, improper.

Appellant's fourth assignment of error is sustained.

Appellant's first, second and fourth assignments are sustained. Appellant's third assignment of error is overruled. The judgment of the trial court is reversed and the cause is remanded to the trial court for further procedure consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and BOWMAN, JJ., concur.